**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

CITIGROUP, INC.; BANCO NACIONAL
DE MEXICO, S.A.,

          Plaintiffs - Appellees,

  v.

SALVADOR VILLAR,

          Defendant - Appellant.

No. 24-1496

D.C. No.
2:19-cv-05310-GW-FFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted May 15, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and R. NELSON and SUNG, Circuit Judges.

Salvador Villar appeals the district court's order confirming an arbitral

award that, *inter alia*, enjoined him from pursuing certain legal actions against

Citigroup, Inc. and Banco Nacional de Mexico, S.A.  We have jurisdiction under

28 U.S.C. § 1291 and 9 U.S.C. § 16(a), and we affirm.

---

     * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  Title 12 U.S.C. § 1818 did not divest the district court of jurisdiction. That provision specifies that, except in limited circumstances, "no court shall have jurisdiction to affect by injunction or otherwise the issuance or enforcement of any notice or order under any such section, or to review, modify, suspend, terminate, or set aside" certain FDIC orders. 12 U.S.C. § 1818(i)(1). That provision does not affect courts' jurisdiction to adjudicate claims by non-parties to secure independent legal rights—for example, under contract law. So, although the arbitral award here touches on the same subject matter as the FDIC prohibition order issued against Villar, it does not "affect" the order's "enforcement," neither does it "review, modify, suspend, terminate, or set [it] aside." *Id.*

2.  Public policy does not bar confirmation of the arbitral award. *Cf. W.R. Grace & Co. v. Loc. Union 759, Int'l Union of United Rubber, Cork, Linoleum & Plastic Workers*, 461 U.S. 757, 766 (1983) (discussing the public policy doctrine). Even assuming the public policy doctrine could provide a basis for the vacatur of an award governed by the Federal Arbitration Act, 9 U.S.C. § 10(a), Villar does not "clearly show[]" a violation of any public policy. *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 43 (1987). Neither California Civil Code § 1668 nor § 47(b) "specifically militates against the relief ordered by the arbitrator." *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173*, 886 F.2d 1200, 1212–13 (9th Cir. 1989) (en banc). As relevant to § 1668, the

arbitral award does not exempt any person from responsibility from fraud, willful injury, or violation of law. *Cf.* Cal. Civ. Code § 1668. And § 47(b) does not protect parties who file lawsuits in breach of contractual promises, as relevant here. *See Navellier v. Sletten*, 106 Cal. App. 4th 763, 773–74 (2003).

**AFFIRMED.**